UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA MADILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:16-cv-2468 |
| | ) |
| ACCESSABILITY CENTER FOR INDEPENDENT LIVING, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Melissa Madill ("Plaintiff"), by counsel, brings this action against Defendant, Accessability Center for Independent Living, Inc. ("Defendant"), for unlawfully violating her rights as protected by the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*

### PARTIES

1. Plaintiff has resided within the Southern District of Indiana at all times relevant to this action.

2. Defendant operates and conducts business within the Southern District of Indiana.

### JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

4. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4).

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

6. Plaintiff is a qualified individual with a disability, has a record of disability, and/or was regarded as disabled by Defendant.

7. Plaintiff satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a "Dismissal and Notice of Rights" to Plaintiff. Plaintiff now timely files her lawsuit.

8. Venue is proper in this Court pursuant to 29 U.S.C. § 1391 because all of the facts, events, and transactions giving rise to this lawsuit occurred within the geographical environs of the Southern District of Indiana, where both parties also reside.

**FACTUAL ALLEGATIONS**

9. Plaintiff is a qualified individual with a disability, has a record of disability, and/or was regarded as disabled by Defendant as a result of her severe anxiety disorder.

10. Plaintiff began her employment with Defendant's predecessor in 1993.

11. At all times relevant to this action, Defendant has been aware of Plaintiff's disability.

12. Throughout her employment with Defendant, Plaintiff made requests for reasonable accommodations. Plaintiff's conduct in that regard constitutes statutorily protected activity under the ADA.

13. Defendant failed to grant Plaintiff's requests for reasonable accommodations or otherwise engage in the interactive process with Plaintiff regarding such requests.

14. At all times relevant to his action, Plaintiff worked for Defendant as its Executive Director.

15. On or about July 21, 2015, the parking lot of Defendant's facility flooded. Plaintiff asked her subordinate, Patricia Langford ("Langford"), to use an electrical pump to

drain the parking lot so that Defendant's patrons could safely use it. Langford refused to perform the task.

16. At a subsequent meeting, two other employees of Defendant, Amber O'Havor ("O'Havor") and Soraya Trauner ("Trauner"), confronted the Plaintiff about the task Plaintiff requested Langford to perform.

17. The argument triggered Plaintiff into having a severe panic attack, which caused her to crouch down behind a chair and prevented her from speaking.

18. Langford subsequently filed a grievance with Defendant's Board of Directors ("the Board") regarding the incident.

19. The Board conducted an investigation into the incident. The investigation also allegedly revealed an incident from 2013 involving Plaintiff which the Board looked negatively upon.

20. On or about July 23, 2015, Plaintiff was placed on administrative leave as a result of the grievance. Plaintiff requested a copy of the grievance from Defendant but was not provided with the same.

21. On August 10, 2016, Defendant terminated Plaintiff's employment.

22. Defendant's proffered reasons for the termination are its concerns regarding Plaintiff's leadership and financial management of the organization, Plaintiff's violation of the professional conduct policy, and the Board's concern regarding staff safety.

23. Plaintiff was never made aware of the foregoing problems or concerns or any other performance issues, problems, or concerns prior to her administrative leave and subsequent termination.

24. All reasons proffered by Defendant for Plaintiff's termination are pretextual.

25. Plaintiff's work performance met or exceeded Defendant's legitimate performance expectations at all relevant times.

26. Defendant discriminated against Plaintiff based on her disability in violation of the ADA when it placed her on administrative leave and subsequently terminated her employment. Other, similarly situated individuals who are not disabled, do not have a record of disability, and/or are not regarded as disabled by Defendant have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

27. Defendant violated the ADA when it failed to grant Plaintiff's requests for reasonable accommodations or otherwise failed to engage in the interactive process with Plaintiff regarding such requests.

28. Defendant retaliated against Plaintiff in violation of the ADA when it placed her on administrative leave and terminated her employment after and because of her statutorily protected requests for reasonable accommodations.

29. Plaintiff has suffered and continues to suffer injury as a result of Defendant's unlawful actions.

## LEGAL ALLEGATIONS
## COUNT I – ADA – DISABILITY DISCRIMINATION

30. Plaintiff hereby incorporates paragraphs 1-30 of her Complaint.

31. Defendant took adverse employment action against Plaintiff based on her disability.

32. Other, similarly situated individuals who are not disabled, do not have a record of disability, and/or are not regarded as disabled by Defendant have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

33. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

### COUNT II – ADA – FAILURE TO ACCOMMODATE

34. Plaintiff hereby incorporates paragraphs 1-33 of her Complaint.

35. Plaintiff made requests for reasonable accommodations to Defendant throughout her employment with the same. Plaintiff's conduct in this regard constitutes statutorily protected activity.

36. Defendant failed to grant Plaintiff's requests for reasonable accommodations and/or otherwise engage in the interactive process with Plaintiff regarding such requests.

37. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

### COUNT III – ADA – RETALIATION

38. Plaintiff hereby incorporates paragraphs 1-37 of her Complaint.

39. Plaintiff made requests for reasonable accommodations to Defendant throughout her employment with the same. Plaintiff conduct in this regard constitutes statutorily protected activity.

39. Defendant took adverse employment action against Plaintiff after and because of her statutorily protected requests for reasonable accommodations.

40. Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by the ADA.

WHEREFORE, Plaintiff, Melissa Madill, by counsel, respectfully requests that this Court find for her and order that:

      1.      Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to her in lieu thereof;

      2.      Defendant pay lost wages and benefits to Plaintiff;

      3.      Defendant pay compensatory and punitive damages to Plaintiff;

      4.      Defendant pay pre- and post-judgment relief to Plaintiff;

      5.      Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

      6.      Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court deems appropriate and just to grant.

Respectfully submitted,

*/s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Keenan D. Wilson*
Keenan D. Wilson, Attorney No. 32195-49
Attorneys for Plaintiff

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, Second Floor
Indianapolis, Indiana 46204
Telephone:    (317) 955-9500
Facsimile:    9317) 955-2570
Email:    jhaskin@jhaskinlaw.com
          kwilson@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Melissa Madill, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49